**SLEDGE v. DENTON.†**

(Court of Civil Appeals of Texas. Austin.
March 27, 1912. Rehearing Denied
May 15, 1912.)

BANKRUPTCY (§ 312*)—CLAIMS—ACCOUNTING
—ESTOPPEL.

Pending a suit by a partner for a settlement of the firm matters, the copartner was adjudged a bankrupt, and the partner restrained from prosecuting the suit. Thereafter the partner and copartner stipulated that the copartner would not claim anything of his estate, except the homestead and exempt personalty, and that he would turn over to the partner all property to be administered by the bankruptcy court; and the partner agreed to account to the copartner's creditors for the amount the copartner would receive from the firm property, and to account to the trustee in bankruptcy for the residue of the property after the payment of the debts of the firm, including any debt due to the partner. Subsequently the partner filed a claim in the bankruptcy court against the copartner's estate, based on firm business, which was disallowed. Thereafter the partner filed in the bankruptcy court a report, which was approved by the court, which showed that the partner had collected $1,072 out of firm assets, one-fourth of which belonged to the copartner, and which had been paid to the trustee in bankruptcy. *Held,* that the partner was estopped from asserting any claim against the copartner based on firm transactions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 496–500; Dec. Dig. § 312.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by W. W. Sledge against T. H. Denton, who filed a cross-action. From a judgment for plaintiff on his action and for defendant on the cross-action, plaintiff appeals. Affirmed in part, and reversed and rendered in part.

See, also, 122 S. W. 436.

W. W. Sledge and T. H. Denton, in 1896, entered into a copartnership to conduct a mercantile business in the town of Cresson, Johnson county, Tex. The capital stock was $4,000, $3,000 furnished by Denton, and $1,000 by Sledge, and their respective interests in the business were in that proportion. It was further agreed that Sledge was to manage and conduct the business, for which he was to receive from the partnership $50 per month. The business continued until October 2, 1902, when the building in which it was conducted and the stock of merchandise were destroyed by fire, and on that day, by mutual agreement, the partnership was dissolved, Sledge retaining in his possession most of the notes and accounts owing to the firm; but there was not at that time any final settlement of the partnership affairs. At that time, the firm owed about $13,000, the most of which was subsequently paid by Sledge with funds derived from the assets of the firm.

On the 13th day of June, 1903, T. H. Denton instituted suit against W. W. Sledge in the district court of Johnson county, Tex., for a settlement of their copartnership affairs, and asked for the appointment of a receiver, which request was granted, and Fred T. Vickers was appointed receiver, and as such took charge of all of the partnership assets, with the possible exception of some that were in the hands of Denton. After the dissolution of the partnership, Sledge engaged in a business of his own; and on the 23d day of December, 1903, upon his application, the federal court for the Northern District of Texas adjudged him a bankrupt, and made an order restraining Denton and the receiver, Vickers, from proceeding further in the suit pending in the district court of Johnson county. The federal court also appointed a receiver in bankruptcy, who received from Vickers, the receiver appointed by the state court, the assets of the firm of Denton & Sledge then in his possession, aggregating about $8,000; and the bankruptcy court appointed J. W. Stitt trustee in bankruptcy, and the receiver delivered to him the assets referred to. The court referred to also made an order setting aside certain real estate, situated in Cresson, Tex., as exempt property to Sledge, which act of said court was opposed by said Denton, who alleged that Sledge had misappropriated the funds of the copartnership and purchased the property he sought to have set aside to him with funds so misappropriated, and that the property so purchased was copartnership property of the firm of Denton & Sledge, and not exempt to Sledge. There was a hearing in the bankruptcy court upon the issue thus presented, and that court decided the question against Denton, and held that Sledge was entitled to have the property set aside to him as exempt property. From that order, Denton gave notice of appeal. Thereafter Denton & Sledge, acting through their authorized attorneys, made and entered into the following agreement:

"In the Matter of W. W. Sledge, Bankrupt. The State of Texas, County of Tarrant: Know all men by these presents, that the following agreement is this day made and entered into, by and between W. W. Sledge, bankrupt, and T. H. Denton, formerly a member of the firm of Denton & Sledge, who resides in Johnson county, Texas, witnesseth: That the said Denton agrees that the order made by the Honorable Granville P. Meade, referee in the above case, on the 24th day of August, 1904, overruling the exception of T. H. Denton to the trustee's report on exemption, including the homestead claimed by the said Sledge, shall be and remain in full force and effect, and the said Denton hereby waives his right to apply for revision of the same. In consideration whereof, the said Sledge hereby agrees that he will not claim anything of the estate of the said bankrupt, except the said homestead and the exempt personal property, and the said Sledge hereby agrees to turn over and release to the said Denton all property of

every kind and character to the said Denton to be administered upon by the court in bankruptcy, and the said Denton agrees to account to said Sledge's creditors for whatever amount it appears that said Sledge would be entitled to receive out of the partnership property, and the said Denton further agrees to aid and assist the trustee, J. W. Stitt, to administer said estate as expeditiously as practicable, and he further agrees to account to said Stitt for all residue of said property of every kind and character which may be left in his hands, after the payment of all the debts of the firm of Denton & Sledge, including any debt due to the said Denton which is just, right and proper. Witness our hand this the 2nd day of September, 1904. Tillman & Tillman, C. Smith, and Odell, Phillips & Johnson, Attorneys for T. H. Denton. James Gilford Browning, O. S. Lattimore, and J. C. Smith, Attorneys for Sledge."

That agreement was filed in the bankruptcy proceeding, and all the assets in the hands of Mr. Stitt, the trustee in bankruptcy, were turned over and delivered to Denton. Thereafter Denton filed and presented to the bankruptcy court a verified claim against Sledge's estate for $635, growing out of the copartnership business, which claim the bankruptcy court disallowed, and there was no appeal from the order disallowing it. Thereafter Denton filed in the bankruptcy court a sworn report, which was approved by that court, showing that he had collected $1,072 out of the firm assets, one-fourth of which belonged to Sledge, and which one-fourth Denton paid to the trustee in bankruptcy. Thereafter, under order of the bankruptcy court, the remaining real estate and choses in action belonging to the copartnership were sold at public sale, and bought in by Denton, who paid into the bankruptcy court one-fourth of the purchase price therefor, which was Sledge's one-fourth interest therein. On July 25, 1905, the referee in bankruptcy made his final order, certifying that the bankruptcy case of W. W. Sledge had been closed, which order was approved by the court.

On August 28, 1906, Denton procured from the judge of the federal court referred to an order dissolving the injunction, which restrained Denton from prosecuting the suit in the district court of Johnson county; and thereafter that case was reinstated on the docket of the latter court. Denton filed an amended petition, and the case was tried without any notice to and in the absence of Sledge and his attorneys; and at that trial judgment was rendered for Denton against Sledge for $5,694.67. On the 18th day of April, 1909, W. W. Sledge instituted this suit in the district court of Johnson county, seeking to set aside and vacate the judgment referred to, charging that it was obtained by fraud, and setting forth a sufficient excuse for not seeking to set it aside earlier. The defendant, Denton, filed an answer, which,

among other matters, included a cross-action against the plaintiff, alleging that the latter had not accounted for all of the partnership assets, and that upon a proper accounting and settlement he was entitled to recover against the plaintiff. There was a jury trial, which resulted in a verdict and judgment for the plaintiff, Sledge, setting aside and annulling the former judgment against him, and for the defendant on his cross-action against Sledge for the sum of $1,500, and Sledge has appealed.

O. S. Lattimore, J. G. Browning, and S. C. Padelford, for appellant. D. W. Odell, John W. Stitt, and Phillips & Bledsoe, for appellee.

KEY, C. J. (after stating the facts as above). The case is presented in this court on numerous assignments of error in behalf of appellant, and on several cross-assignments by appellee. Conditions are such as justify us in foregoing in this opinion a discussion of most of the questions presented. In fact, we deem it unnecessary to here discuss but one question, because our conclusion as to that question not only settles the entire case, but renders many, if not all, of the other questions presented irrelevant and immaterial. It is contended on behalf of appellant, and we sustain that contention, that the written agreement set out above and filed in the bankruptcy court, and Sledge's subsequent conduct in that court, obligated, estopped, and precluded him from ever afterwards asserting any claim against Sledge arising out of or resulting from former partnership relations. By the terms of the written agreement under which the partnership assets were delivered by the trustee, Stitt, to Denton, the latter was only required to account for the "residue of said property of every kind and character which may be left in his hands after the payment of all the debts of the firm of Denton & Sledge, *including any debt due to the said Denton which is just, right, and proper.*" We have italicized the last clause, for the purpose of emphasizing the fact that Denton had the right, under the terms of the contract, to retain all the proceeds of the bankrupt estate that were necessary to satisfy any just claim that he had against Sledge, growing out of the partnership business. The claim which he had previously asserted in his suit in the district court of Johnson county, and the claim which he subsequently asserted in this case, come within the purview of that portion of the contract; and yet thereafter Denton filed in the bankruptcy court a sworn report showing that he had collected, out of the firm assets, $1,072, and paid into that court Sledge's one-fourth of that sum, thereby in effect admitting, under oath, that he had no just claim against Sledge arising out of their former partnership. Aside from the terms of the contract, this solemn act by Denton, made in a judicial proceeding, would

go far toward if it would not entirely establish an estoppel against him. 16 Ency. Law & Proc. pp. 798, 799, and 800. But when the terms of the contract, and Denton's subsequent conduct and acts in the bankruptcy court are considered together, we think it must be held that he is forever precluded from asserting the claims which he subsequently undertook to assert in the state court.

This conclusion renders it unnecessary to pass upon any other question presented in appellant's brief, and also disposes of some of the questions involved in the cross-assignments. All of the cross-assignments have been considered, and, without discussion, are overruled.

Upon the whole case, we conclude and order that the judgment in favor of appellant, setting aside the former judgment in favor of appellee, should be affirmed, and that the judgment in favor of appellee against appellant for $1,500 should be set aside, and judgment here rendered upon that issue in favor of appellant.

Affirmed in part, and in part reversed and rendered.